**Linda LEFEVER, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Defendant–Appellee.**

No. 10–4796–cv.

United States Court of Appeals, Second Circuit.

Oct. 25, 2011.

Jaya A. Shurtliff, Olinsky & Shurtliff, Syracuse, N.Y., for Appellant.

Sathya Oum, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, on the brief; Richard S. Har-

tunian, United States Attorney for the Northern District of New York, of counsel), Office of the United States Attorney for the Northern District of New York, Syracuse, NY., for Appellee.

PRESENT: JOSÉ A. CABRANES, DEBRA ANN LIVINGSTON, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Linda Lefever appeals from a judgment of the District Court affirming a decision of the Commissioner of Social Security Michael J. Astrue ("Commissioner"), and dismissing Lefever's appeal therefrom. *See Lefever v. Astrue,* No. 5:07–CV–622, 2010 WL 3909487 (N.D.N.Y. Sept.30, 2010). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This appeal arises out of an adverse decision of the Commissioner in which Lefever was found to have not been under a disability prior to January 1, 2002,[1] and was thereby denied Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, 42 U.S.C. § 301 *et seq.,* for the period of time between November 6, 1998, her alleged date of onset, and December 31, 2001. Lefever appealed the decision of the Commissioner by bringing a civil action in the District Court for the Northern District of New York.

In the District Court, Lefever alleged that the Commissioner erred by failing to comply with an order of remand issued by the Appeals Council of the Social Security

---

1. In the same decision of the Commissioner, Lefever was found to have been under a disability since January 1, 2002. The favorable

portion of the Commissioner's determination is not before us on appeal.

Administration with regard to the evaluation of Lefever's mental impairment; by improperly disregarding the opinions of several of Lefever's treating physicians in violation of the Treating Physician Rule; by failing to develop the record and thereby making an erroneous Residual Functional Capacity finding that was not supported by substantial evidence; and by overlooking Lefever's significant non-exertional limitations at step five of the Social Security Administration's five-step test for disability [2] by relying on the Medical–Vocational Rules rather than introducing the testimony of a vocational expert.

The District Court rejected each assignment of error, except for Lefever's allegation that the Commissioner should not have given controlling weight to the observations of Dr. Ganesh, a State Agency Review Physician, with which the court agreed. The court determined, however, that a correct assessment of Dr. Ganesh's evidence would not change the outcome of Lefever's appeal, and therefore denied relief on that ground as well.

This appeal followed. On appeal, Lefever again raises each of the issues she raised before the District Court.

Having conducted an independent review of the decision of the Commissioner, as well as of the administrative record, we find no error in the District Court's affirmance of the Commissioner's determination that Lefever was not disabled prior to January 1, 2002. Therefore, we AFFIRM the judgment on appeal for substantially the same reasons stated by the District Court in its thorough and well-reasoned

**2.** The Social Security regulations direct a five-step analysis for evaluating disability claims, the fifth step of which requires the Commissioner to " 'determine[ ] whether there is other work which the claimant could perform.' "

Memorandum and Order of September 30, 2010.

DeChirico v. Callahan, 134 F.3d 1177, 1180 (2d Cir.1998) (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982)); see also 20 C.F.R. § 404.1520.